**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH BIFANO and KEITH RYNEARSON | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:16-245 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| WAYMART BOROUGH | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

Presently before the court is defendant Waymart Borough's ("Borough") motion for summary judgment (Doc. 43). Based on the following, Waymart's motion (Doc. 43) shall be **GRANTED IN PART** and plaintiffs' remaining state law claim shall be **DISMISSED**.

Joseph Bifano ("Bifano") and Keith Rynearson ("Rynearson") (collectively "plaintiffs") filed the instant action against the Borough and Fred Glavich ("Glavich") (collectively "defendants") on February 11, 2016, alleging three claims[1] related to their employment at the Waymart Borough Police

---

[1] Plaintiffs' complaint contains the following three counts: (1) a claim against defendants under the Pennsylvania Whistleblower Law, 43 PA. STAT. AND CONS. STAT. ANN. §1421 (West 2018), alleging theories of waste and wrongdoing; (2) a claim against defendants under 42 U.S.C. §1983 alleging retaliation under the First Amendment to the United States Constitution; and (3) a defamation claim against Glavich. (Doc. 1).

Department ("Police Department"). (Doc. 1). On March 16, 2016, defendants filed a motion to dismiss plaintiffs' complaint. (Doc. 8). On December 22, 2016, this court issued a memorandum (Doc. 17) and order (Doc. 18), which granted defendants' motion in part and dismissed several of plaintiffs' claims.[2] Also, on August 2, 2017, both parties filed a stipulation withdrawing plaintiffs' defamation claim and dismissing Glavich as a party in this case (Doc. 41), which the court approved on August 9, 2017 (Doc. 42).[3] The Borough filed the present motion for summary judgment (Doc. 43) on August 28, 2017, and a supporting brief (Doc. 44) the following day.[4] On September 19, 2017, plaintiffs filed a brief in opposition (Doc. 45) of the Borough's

---

[2] The court dismissed the following claims: (1) the retaliation claim against Glavich; (2) the retaliation claim against the Borough based on Glavich's purchase of equipment for the Police Department; and (3) the whistleblower claim under a theory of wrongdoing. (Doc. 18).

[3] Plaintiffs remaining claims are: (1) a claim against the Borough under the Whistleblower Law alleging a theory of "waste" and (2) a claim against the Borough under 42 U.S.C. §1983 alleging retaliation under the 1st Amendment to the United States Constitution.

[4] The Borough improperly filed its statement of facts within its motion. *See* (Doc. 43). However, this issue is moot because plaintiffs failed to oppose the Borough's motion for summary judgment with respect to the only remaining federal claim, and the court shall decline to exercise supplemental jurisdiction over the remaining state law claim.

present motion.[5] On September 21, 2017, the Borough filed a reply brief. (Doc. 46). The Borough's motion is now ripe for disposition.

Plaintiffs did not oppose the Borough's present motion for summary judgment as it pertains to plaintiffs' First Amendment retaliation claim. (Doc. 45, at 18) ("Plaintiff has no response to Defendant Waymart's arguments to dismiss Plaintiffs' First Amendment Claims remaining under Count II."). Under Local Rule 7.6, "any party who fails to [file a brief in opposition in response to a motion] shall be deemed not to oppose such motion." M.D.Pa. L.R. 7.6. Here, plaintiffs did not fail to file a brief in opposition—the usual circumstance where Local Rule 7.6 applies—but they elected to file a brief and leave the Borough's motion unopposed as it pertains to plaintiffs' First Amendment claim. Without any argument in opposition and a statement of facts that violates nearly every part of Local Rule 56.1 by plaintiffs, the court is left with little choice other than to deem the Borough's motion for summary judgment unopposed as it pertains to plaintiffs' First Amendment claim. *See* M.D.Pa. L.R. 7.6; *see also* M.D.Pa. L.R. 56.1. The court finds this is not a mere technical violation, where the court should proceed with a merits review

---

[5] Plaintiffs filed an improper statement of facts. *See* (Doc. 45). However, this issue is moot because plaintiffs failed to oppose the Borough's motion for summary judgment with respect to the only remaining federal claim, and the court shall decline to exercise supplemental jurisdiction over the remaining state law claim.

of the motion; plaintiffs filed their brief and elected not to oppose the Borough's motion relating to their only remaining federal claim. Therefore, the Borough's motion for summary judgment shall be **GRANTED IN PART** as it applies to plaintiffs' First Amendment retaliation claim.

Finally, considering judicial economy, convenience, and fairness to the litigants, the district court in its discretion is permitted to decline the exercise of supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction. *See Patel v. Meridian Health System, Inc.*, 666 Fed.Appx. 133, 136 (3d Cir. 2016) (citing 28 U.S.C. §1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). The court has made the appropriate considerations and finds no extraordinary circumstances exist in this case to exercise supplemental jurisdiction over plaintiffs' remaining state law claim against the Borough under the Pennsylvania Whistleblower Law. Since plaintiffs' federal claims over which this court had original jurisdiction shall not be permitted to proceed to trial, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiffs' state law claim, count one, against the Borough. *See* 28 U.S.C. §1367(c)(3).

Based on the preceding, the Borough's motion for summary judgment ([Doc. 43](Doc. 43)) shall be **GRANTED IN PART,** and plaintiffs' remaining state law claim shall be **DISMISSED**[6]. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 28, 2019**
16-245-03

---

[6] The statute of limitations is tolled for a period of 30 days after the lawsuit is dismissed. *See* 28 U.S.C. §1367(d).